21 So.2d 325

## BEVELS v. HALL.

### 6 Div. 165.

Supreme Court of Alabama.

March 1, 1945.

Finis E. St. John, Jr., of Cullman, for appellant.

Kilpatrick & Entrekin, of Cullman, for appellee.

LIVINGSTON, Justice.

As last amended, the bill of complaint seeks to declare a constructive trust in certain described real estate and the rents and profits accruing from the sale of timber cut therefrom, and an accounting as to said rents and profits.

The appeal is by respondent, Major Bevels, from a decree of the lower court overruling demurrers interposed by him to the bill as last amended. The sole question presented is the sufficiency of the bill.

With formal and immaterial allegations omitted, the bill as last amended alleges:

"That about September, 1939, he, his brother Albert Hall, and Major Bevels, entered into an agreement whereby the three of them would purchase, from Ruth Wilbanks, as guardian of the estate of Lewis J. Ashley, a non-compos-mentis, individual portions as agreed mutually between them, giving back their respective mortgages for the purchase money, therefor, the following described land, to-wit: (Describing it.)

"And the complainant avers that by the terms of said agreement, the said Major Bevels was to purchase and receive a deed to twenty acres in the southeast corner of the SE-1/4 of the NW 1/4 of section 36, which twenty acres it was agreed should have for its northern boundary line a gulch running in a southwesterly direction from the east side of said forty; and thence running along said gulch in a southwesterly direction a sufficient distance to encompass the said twenty acres, and from such point due south to the southern boundary line of said forty; and then along its boundaries to the point of beginning, so that twenty acres only would be included within such boundaries. The complainant avers that he is an unlearned man and unskilled in the matter of formulating written descriptions of land, and that, consequently the said Major Bevels volunteered and agreed to perfect a description, and to deliver the same to the said Ruth Wilbanks,

432

for the purpose of making the necessary deeds to each of the said three parties, conveying to them their respective parcels into which, it had been agreed, the said original tract was to be divided and conveyed to the said three vendees, and complainant avers that said Major Bevels did formulate three separate descriptions, and deliver them to the said Ruth Wilbanks who used such descriptions so prepared in making the three deeds to said vendees.

"Complainant would show to the court that the said Major Bevels, instead of perfecting a description, and delivering the same to the said vendor of the said twenty acres of land he agreed to purchase, and in violation of the said agreement, and with intent to defraud complainant, formulated and delivered to the said vendor a description which embraced approximately thirty-eight acres of land within its boundaries, instead of twenty acres as he had agreed to do. And complainant further avers that when the time came to execute the deeds and mortgages effectuating the purchase and conveyance of said tract of land from said vendor, the said Major Bevels claimed that he could not go through with his part of the deal because his wife would not sign the purchase money mortgage, and suggested that his brother, W. B. Bevels, be allowed to take his place in the transaction, whereupon a deed was executed by said vendor to said W. B. Bevels containing the said fraudulent description prepared by Major Bevels, purporting to convey to said W. B. Bevels thirty-eight acres instead of twenty acres as agreed upon, a copy of which deed is marked exhibit 'A', attached hereto and made a part hereof.

"And complainant would further show to the court that while Major Bevels pretended that his wife prevented him from consummating his contract as aforesaid, he made all of the down payment on closing the deal, and signed the notes secured by the purchase money mortgage and has made all subsequent payments thereon, nothing having been paid by the substituted grantee, W. B. Bevels. Complainant further avers that in furtherance of the fraudulent scheme to get into the hands of said Major Bevels the land in question without record liability therefor, the said W. B. Bevels subsequently executed a deed purporting to convey to Arthur Bevels and Frank Bevels the minor sons of said Major Bevels, the land in question, and complainant avers that said Major Bevels, has been in continuous possession of said land since the deed by said Ruth Wilbanks, and is now using it as his own, and cutting and selling timber therefrom, the amount of which is unknown to complainant, and which is peculiarly within the knowledge of the respondent Major Bevels. And complainant avers that the amount of the purchase price each of the three vendees was to pay for said portions (of) land was based on said Bevels taking said twenty acres only, at the price of $200.00; which they all agreed was a fair price for such twenty acres. Complainant further avers that at the time of the execution and delivery of the deeds by said vendor to W. B. Bevels, said Major Bevels paid $20.00 cash, and his brother, W. B. Bevels, executed a mortgage to said vendor for the balance of the purchase money, a copy of which mortgage is marked exhibit 'B' attached hereto and made a part hereof in which appears the fraudulent description complained of herein. Complainant avers that since he became aware of the fraud practiced on him by the said Bevels he has caused to be made a survey of the twenty acres of land which it was mutually agreed that the said Bevels should purchase and pay for as aforesaid, by the county surveyor of Cullman County, Alabama, and that correct description and the description which said Major Bevels bound himself to make, of said twenty acres of land is as follows: (Description.)

"Complainant avers that since the above transaction he has purchased all of the interest which Albert Hall acquired from said vendor and that complainant is now the owner of all said tract of land except the twenty acres which was to be conveyed to the said Major Bevels under the terms of their said agreement preceding and leading up to the making of said deeds by said vendor. Complainant further avers that if the deed made exhibit 'A' to this bill of complaint is permitted to stand * * * he will be defrauded of about eighteen acres of land together with the valuable timber standing thereon at the time said transaction was consummated, because of the fraud and deceit of said Major Bevels, known to and participated in by the said W. B. Bevels. And complainant avers that the said minors in whom is now the record title to said land, paid nothing therefor, and that the said deed is simulated and fraudulent as to the complainant, and in equity and good conscience the said Major Bevels, his two sons, the minor respondents

Arthur Bevels and Frank Bevels, are constructive trustees of said eighteen acres of land for the benefit of complainant, and complainant should be vested with the title thereto in accordance with the agreement as aforesaid."

The determination of this appeal rests upon the application of the rule stated in American Traders' National Bank v. Henderson, 222 Ala. 426, 133 So. 36, 38, where this Court said: "It is well settled that: 'Whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentation, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means or under any other similar circumstances which render it unconscientious (unconscionable) for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property in the hands of the original wrongdoer, or in the hands of a subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved of the trust.' Kent v. Dean, 128 Ala. 600, 30 So. 543, 546; Smith v. Smith, 153 Ala. 504, 45 So. 168; Edmondson et al. v. Jones, 204 Ala. 133, 85 So. 799; 2 Pom.Eq.Jur. (4th Ed.) 2404, § 1053."

The allegation "that the said minors in whom is now the record title to said land, paid nothing therefor" is sufficient to negative that said minors are bona fide purchasers.

When one wrongfully and without right takes possession or assumes control of property, or receives its rents and profits, a constructive trust ordinarily arises in favor of the person entitled thereto. Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413; 65 Corpus Juris 287–488, section 231.

Under the foregoing authorities, the bill as last amended is not subject to any demurrer interposed by appellant.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.