73 So.2d 358

**DEAR et al. v. PEEK.**

**7 Div. 222.**

Supreme Court of Alabama.

June 17, 1954.

138

Beddow & Jones, G. Ernest Jones, Sr., Birmingham, and Young & Young, Anniston, for appellee.

Emerson & Watson, Anniston, for appellants.

GOODWYN, Justice.

Appeal from judgment ordering issuance of a rule nisi to the members of the civil service board of Anniston, Alabama, to show cause why a peremptory writ of prohibition, or other remedial writ, should not be issued prohibiting them from proceeding further in the hearing of charges against J. L. Peek, chief of police of the City of Anniston; and also restraining said members from proceeding with said hearing pending the hearing and final judgment on the petition for the writ. The appeal is pursuant to Code 1940, Tit. 7, § 761.

On June 18, 1952, Mrs. Ora Bessie McFall filed with the civil service board certain charges in writing against Peek, as chief of police. The petition avers that a hearing on these charges was held by the board on December 19, 1952, "at which time witnesses were duly examined and testified with regard to the matters and things embraced" in the charges. However, there is no averment or showing that Peek was given any notice of said hearing or that he was present at the hearing. It is further averred that on January 26, 1953, the board "convened, considered and determined the matters presented" by the charges and found as follows:

"It is the decision of the civil service board, Anniston, Ala., that the chief of police of City of Anniston, J. L. Peek, has been sufficiently punished and reprimanded for any misconduct on his part, if in fact there was any such misconduct on his part, in connection with the charges preferred against him with this board by Mrs. Ora Bessie McFall."

Formal notice of this decision was given Peek by letter signed by the board members under date of January 29, 1953. At that time, the members of the board were C. F. Dear, Jr., L. A. Bevis and Leon Fundaburk.

At the meeting of the civil service board on December 19, 1952, the following action was taken, as shown by the minutes of the board:

"Bevis made a motion that starting now any future charges preferred against employees of City of Anniston that come under Civil Service Board cannot be later than thirty days after occurrence.

"The motion was discussed.

"Fundaburk seconded motion, motion carried unanimously by board."

On June 13, 1952, prior to the filing of the charges by Mrs. McFall with the civil service board, the Board of Commissioners of the City of Anniston, according to the averments of the petition, considered "the matters and things embraced in the aforesaid charges made by Mrs. Ora Bessie McFall and all the circumstances in connection therewith and did determine the proper disciplinary action to be taken against your petitioner and did suspend him without pay and authority for a period of one month starting Friday, June 13, 1952, and running until Sunday, July 13, 1952". It is further averred "that the punishment administered by the Board of Commissioners of the City of Anniston, Alabama, is the punishment which the Civil Service Board of Anniston determined to be sufficient punishment" in its decision of January 26, 1953.

On August 5, 1953, the civil service board reinstated the same charges and notified Peek that a public hearing thereof would be held on August 18, 1953, "for the purpose of determining whether just legal cause exists to remove, discharge, demote, suspend or otherwise take disciplinary action

against" him. Said notice to Peek recites the following:

"The Civil Service Board of Anniston, Alabama, hereby charges police officer J. Lawrence Peek, Chief of Police of the Police Department of the City of Anniston, Alabama, with conduct and behavior detrimental to the public service, said conduct and behavior being as follows:" (here is set out verbatim copy of the charges filed by Mrs. McFall with the civil service board on June 18, 1952, but there is no indication that the charges are being pressed anew by Mrs. McFall or anyone else except "The Civil Service Board of Anniston").

The members of the civil service board on August 5, 1953, were the same as they were from June 18, 1952, through January 29, 1953, except that Aubrey H. Arnold had replaced Leon Fundaburk. It is not shown when Arnold's appointment became effective.

Attached as an exhibit to the petition, and made a part thereof, is an affidavit of L. A. Bevis, dated August 7, 1953, in which the following is stated:

"That he is at present a member of said Civil Service Board, and that a majority of said Board have revived said cause, and that in his judgment it is their purpose to find J. L. Peek guilty under said charges, notwithstanding the fact that a previous hearing had been held on said charges and a decision made by said Board thereat that said J. L. Peek had been sufficiently punished, and that, in his judgment, regardless of the testimony to be elicited at the hearing set for August 18, 1953, it is their purpose to find J. L. Peek guilty of said charges."

Peek, in his petition, takes the position that the civil service board is without jurisdiction to proceed to a new hearing since it "exhausted its power and jurisdiction with respect to the charges filed" by Mrs. McFall when it rendered "its decision and judgment" on January 26, 1953, and is "without power or jurisdiction now to reinstate the said charges and re-try this petitioner thereupon"; that said board "is without jurisdiction to render two separate judgments in one and the same cause filed before it", and is "without power to consider and entertain said charges as a new or independent proceeding thereby putting this petitioner in jeopardy more than once for one and the same offense, and is without the power to re-open, re-try and re-determine the same identical charges against this petitioner made by the said Mrs. Ora Bessie McFall on to-wit, June 18, 1952, and finally determined on January 26, 1953"; that "if the charges * * * set for hearing on August 18, 1953, * * * constitute a new and independent proceeding, then to permit said Civil Service Board of Anniston, Alabama, to try this petitioner the second time upon the same charges will be to deny him due process of law", and "will be to put him to trial upon a matter which is barred by laches * * * and the Statute of Limitations of one year".

No question is raised as to the appropriateness of the proceeding under review to test the jurisdiction and authority of the civil service board to hear and determine the revived charges against Peek. As we view it, the one question now presented is whether the trial court, on the basis of the petition before it, and that alone (there being no answer to the petition), was justified in issuing the rule nisi and restraining the members of the board from proceeding with the hearing pending final judgment on the petition. Our conclusion is that the action of the trial court was within its discretionary power and should not be disturbed by us.

■ Prohibition is an extraordinary remedy and is ordinarily granted, not as a writ of right, but as a matter of sound discretion, to be granted or withheld by the court according to the nature and circumstances of the case. 73 C.J.S., Prohibition, § 5, p. 18. As stated in Hawkins v. City of Birmingham, 239 Ala. 185, 189, 194 So. 533, 536;

"Courts exercise a discretionary power in granting writs of prohibition,

and in some instances the matter of public interest has been taken into consideration."

Particularly is it a matter of discretion when, as here, the action of the court consists of the issuance of the alternative writ, sometimes referred to as the *rule nisi*. We here note that the parties have treated the judgment of the trial court as one calling for the issuance of the alternative writ; and we so treat it, even though it is not in the usual form for such writ.

■ There are several reasons why we think the discretionary action of the trial court should not be disturbed. In the first place, it appears from the petition that the charge against Peek is barred by a rule of the board. By this, we do not pass on the validity of such rule or whether it effectively bars the proceeding against Peek. It is only that the petition clearly shows that the civil service board did adopt, at its meeting on December 19, 1952, a rule providing that any future charges preferred against any employee of the City of Anniston coming under said board "cannot be later than thirty days after occurrence". The existence of the rule, as stated in the petition, is, we think, sufficient to invoke the discretionary power of the trial court in issuing the writ. There may be factors, not apparent from the petition, which, on final hearing, after answer, might very properly be considered by the court in determining the effect of the rule on these proceedings. Accordingly, we think a discussion of the rule now would be premature.

■ Secondly, if not barred by said rule, there is presented by the petition the question as to whether the doctrine of laches is applicable to the charges. This question, of course, is one dependent upon the particular facts and circumstances, as may be found from the evidence on final hearing. There is no absolute or arbitrary rule as to what constitutes laches. The basis of the doctrine is public policy which requires, for the peace of society, the discouragement of stale demands. In considering the question, each case must rest upon its own peculiar facts and circumstances. Knowles v. Canant, 255 Ala. 331, 334, 51 So.2d 355; Shepherd v. Kendrick, 236 Ala. 289, 293, 294, 181 So. 782. As stated in Dunn v. Ponceler, 235 Ala. 269, 273, 178 So. 40, 46: "Of course, what will be regarded as a sufficient excuse depends upon the circumstances of the case".

One point pressed on behalf of Peek is that the board itself is without authority to initiate and file charges against him. The argument is made that "it is so contrary to the elementary principles of due process of law that the same person or group of persons should constitute accuser, prosecutor, Judge and jury that such a construction of a statute will never be entertained by any court in the absence of specific constitutional and statutory provisions so authorizing." Since this case will proceed to a hearing on the merits, we deem it advisable to pretermit discussion of this question at this time. We do so for the reason that there may be factors, not disclosed by the petition, which would be relevant in construing the statutes involved, particularly § 402, Tit. 62, Code 1940. In this connection, it is to be noted that the statutes here involved, Code 1940, Tit. 62, §§ 391 to 414, were originally enacted in 1931, Act No. 596, appvd. Aug. 4, 1931, Gen.Acts 1931, p. 676. Whether there have been administrative interpretations of the statutes which might bear on their construction does not appear. In this connection, we note that § 396, Tit. 62, provides that "The civil service board shall make rules and regulations to carry out the purpose of this article, and for examinations, appointments and removals in accordance with its provisions and the board may, from time to time, make changes in the existing rules." It may possibly be that there are rules of long standing which are entitled to consideration in interpreting the statutes.

We see no need to extend this opinion further by discussing the other points relied on by petitioner as supportive of the trial court's action.

The judgment appealed from is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.