This is an appeal from the finding of the trial court of the existence of a constructive trust. The original action stemmed from the alleged violation of a divorce decree.
Leonard W. Rau, Jr. and Vickie C. Rau were divorced on June 17, 1971. The judgment embodies an agreement between the parties requiring Mr. Rau to keep in force and effect a then existing life insurance policy on his life with the parties' minor children named as irrevocable beneficiaries and to provide proof of premium payments thereon.
Mr. Rau remarried September 3, 1971. In 1976, after changing jobs and companies, Mr. Rau's new employer took out a $10,000 group life insurance policy on his life. Mr. Rau's new wife, Betty Rau, was named as sole beneficiary. Mr. Rau died in 1979, and the proceeds of the policy were paid to his second wife.
Appellees, Leonard W. Rau, III and Teresa Lynn Rau, through their mother and next friend, filed suit seeking to enforce the terms of their parents' divorce judgment. In addition to other matters in the decree not here on appeal, they claim ownership of $5,000 of the insurance policy proceeds paid to Betty Rau. The trial court found that the proceeds were held in constructive trust for their benefit. The trial court squarely based its finding on Martin v. Terrace, 366 So.2d 275 (Ala. 1979) and Williams v. Williams, 276 Ala. 43, 158 So.2d 901
(1963). There is one other case cited by appellee which was decided by this court. That case is Posey v. PrudentialInsurance Co. of America, 383 So.2d 849 (Ala.Civ.App. 1980). Our decision in that case rested upon the holding in Williams.
We find none of those cases applicable to the facts of this case.
In Williams and Posey, there was a divorce decree requiring the deceased to make his child or children the irrevocable beneficiaries of life insurance policies and to maintain them in force and effect. In each case, subsequent to the decree, there was a deliberate change of beneficiary by the insured. The court in Williams held that the legal consequence of the decree of divorce was to give the children a vested equitable interest in the policy and the subsequent change of beneficiary did not establish superior rights in the new beneficiary. Posey
was basically the same facts and therefore reached the same result. In neither case was there mention of a constructive trust. The court merely used its equity powers to prevent a beneficiary change contrary to the orders of the court. *Page 595 
The trial court in this case stated in its judgment that the decedent failed to effect the designation of the children as irrevocable beneficiaries of the insurance as ordered, but contrariwise made his second wife the beneficiary. Our review of the evidence fails to find support for such finding. The evidence fails to identify the policy of insurance for $5,000 referred to in the agreement of the parties and the subsequent decree. There is no indication that it was a policy issued at the husband's place of employment. Obviously, the policy referred to was a life policy for $5,000. The then wife and mother of plaintiffs testified that she had no knowledge of the policy nor the identity of the insurer. She did not know if the beneficiary was ever changed or whether the policy was issued through her husband's employment — whether it was cancelled for nonpayment or lapsed when the husband left his then place of employment shortly after the divorce. She made no inquiries about it until after his death and learning that the children received nothing under his will.
The present wife had no knowledge of the provisions of the divorce relating to insurance. She knew of no policy other than the $10,000 policy involved in this case which was not issued until 1976. This policy was issued through his new employer in 1976. The premiums were fully paid by the employer. She was designated beneficiary upon issuance and received payment after the husband's death. The proceeds had been invested in real estate.
A constructive trust is a creation of equity that operates to prevent unjust enrichment; such trust may be imposed when property interest has either been acquired by fraud, or where, in the absence of fraud, it would be inequitable to allow property interest to be retained by the person who holds it.Coupounas v. Morad, 380 So.2d 800 (Ala. 1980). Applying that definition to the facts of this case, we are unable to find any property interest, either legal or equitable, of appellees in the proceeds of a policy of insurance which did not exist at the time of the decree of divorce. There is no evidence other than speculation as to the fate of the policy in which the appellees did acquire an equitable interest under the holding of Williams. There is no evidence that that policy was intentionally dropped and the present policy purchased in its place in order to fraudulently evade the children's interest and the court's decree. To the contrary, it is undisputed that the policy here was issued as an employment benefit without cost to the father and at a time of some five years subsequent to the decree. There is no evidence of an unjust enrichment to the appellant of property which should equitably belong to appellees. No fraud can be ascribed to appellant. We therefore can find no basis in equity for attachment of a constructive trust to the proceeds of the insurance policy.
There was a second insurance policy involved in Williams to which no equitable interest could vest by the divorce decree because of statute and the decision in Summers v. Summers,218 Ala. 420, 118 So. 912 (1928). Therefore the court did not apply the rule of the first policy to that second policy, but did imply that a claim would lie for the value of the policy against the estate of the deceased father. We suggest such a claim could have been filed in this instance. However, by virtue of § 27-14-29, Code 1975, the proceeds of the policy of insurance in this case would not be a part of the estate nor subject to creditor's claims.
It is the judgment of this court that the judgment below must be reversed and judgment rendered in favor of appellant here, defendant below.
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur. *Page 596