Following ore tenus proceedings, the trial court made the following findings of fact:
 "1. Susan Adams and Richard Adams were the parents of the minor children. . . . Susan and Richard divorced in May, 1996.
 "2. The Father, Richard Adams died November 15, 1998. He died intestate and no administration has been filed with regard to his estate.
 "3. The Final Decree provided that the Father was to provide life insurance for the benefit of the children:
 "`In Order to secure the payment of child support in the event of the death of the Father, the Father shall maintain or obtain and keep paid up to date a policy of insurance on his life in a face benefit amount of not less than $50,000.00 with the children named as irrevocable beneficiaries. The policy shall be delivered to the Mother within 45 days of the date of this order. The Father shall send to the Mother written proof of the renewal of the policy within 30 days before the policy's anniversary date during the children's minority. After the support obligation is ended, then the Mother shall return the policy to the Father. The case surrender or loan value or the policy shall not be obtained by the Mother during the existence of the support obligation except by order of the Court.'
 "4. Richard Adams represented to Susan Adams that he had insurance policies in effect through State Farm at the time of the divorce. At no time did he advise her that he had changed or canceled those policies.
 "5. At the time of his death, Richard Adams had a life insurance policy for $150,000.00 payable to his new wife, Melissa (Adams) Berryman. In addition, he left other policies through his employment totaling $35,000.00 to Melissa (Adams) Berryman, as well. Hence, Melissa (Adams) Berryman received $185,000.00 in insurance proceeds.
 "6. The children did not receive nor were they named beneficiaries on any life insurance policies at the time of their Father's death.
 "7. The Court finds that failing to designate the children as beneficiaries in accord with the Final Decree of Divorce was violative of said Decree.
 "8. The Court finds that the children acquired a vested right in the insurance proceeds heretofore paid to Melissa (Adams) Berryman in that there were no other insurance proceeds designated *Page 222 
for the children as required under the Final Decree of Divorce.
 "9. The Court hereby imposes a constructive trust upon the insurance proceeds received by Melissa (Adams) Berryman in the amount of $50,000 plus prejudgment interest of $9,764.46."
Our supreme court in Brothers v. Fuller, 607 So.2d 135, 137
(Ala. 1992), stated:
 "The determination of whether a constructive trust results is one of fact. Thus, where a trial court makes a factual finding based on evidence presented ore tenus, as to whether a constructive trust has resulted, the court's finding shall not be disturbed on appeal unless `it is clearly erroneous or manifestly unjust.'"
(Quoting Brothers v. Moore, 349 So.2d 1107, 1108 (Ala. 1977).)
At the trial, Susan testified that, at the time of their divorce, there were two-life insurance policies on Richard's life. She stated that Richard had given her the two State Farm life insurance policies with a face amount of $150,000 each. Susan stated that Richard never told her that the policies had been replaced or canceled. She testified that after Richard's death, she learned that the two policies were no longer in effect.
Berryman testified that she was not present when Richard obtained the 1998 life-insurance policy naming her as beneficiary. She stated at the trial that she did not know whether that policy was a replacement policy for the two previous policies. The two policies Richard gave to Susan were issued by State Farm, as was the 1998 policy under which Berryman collected $150,000. Berryman testified that payment for an insurance premium was drafted from her checking account each month, but that she did not know for which policy this payment was made, how Richard paid for the two previous policies, or if the premium she was paying was for the 1998 policy naming her as beneficiary.
The majority relies on Rau v. Rau, 429 So.2d 593
(Ala.Civ.App. 1982), in reversing the judgment of the trial court, stating that "[t]here is no evidence that the policies were intentionally dropped and the 1998 policy purchased in their place." 883 So.2d at 220. However, our supreme court in Brown v.Brown, 604 So.2d 365, 368 (Ala. 1992), did not adopt all of the reasoning of the Rau court, and it further stated with regard to the Rau opinion that "[t]he intent of the insured to evade the court order by replacing the court-ordered policy may not be as important as the fact of the violation of the order." In the present case, there was no evidence that the two original policies were intentionally dropped and the present policy purchased to evade the court's order; nonetheless, the trial court's divorce judgment was violated.
Sometime after the divorce judgment had been entered, the then-existing insurance policies were canceled or permitted to lapse. It does not appear from the record why or when it happened, but there is evidence to support the trial court's finding that the policies were not in existence at the time of Richard's death. In the interim, Richard acquired another life-insurance policy, which did not name his sons as beneficiaries. At the time of his death, Richard had violated the divorce judgment by failing to "maintain" life insurance naming his sons as beneficiaries. While it would be easier if we could trace the sons' equitable interest in the 1998 policy by showing that it replaced the two previous policies, the inability to trace their equitable interest should not mean that it cannot be recognized. I also disagree with the majority's implication that Berryman's payment of an insurance premium from her checking account transformed *Page 223 
her into a bona fide purchaser, thus defeating the children's claim for a constructive trust. Berryman testified that she was not present when Richard obtained the 1998 policy and that she was not sure what policy the insurance premium she was paying was for.
Because the ore tenus rule applies in this case, I believe that there is sufficient evidence to support the trial court's findings of fact and its imposition of a constructive trust.