COBB, Chief Justice
(dissenting).
I do not agree that the trial court lacked subject-matter jurisdiction to adjudicate the issue relating to the proceeds of the life-insurance policy of Aletha Brown Thomas’s husband. The majority states: “[t]he subject matter of this action is the TRO entered by the family court.” 54 So.3d at 359. I disagree. The subject matter of this action is the proceeds from the life-insurance policy. Thomas asserts that her husband’s brother was unjustly enriched by the receipt of the proceeds from a policy that was created by her marital estate with the intention that she receive the benefits.
Although I agree that the divorce action abated with the death of Thomas’s husband, it does not follow that the death of the husband or the abatement of the divorce action work to deprive the trial court of subject-matter jurisdiction in Thomas’s separate action seeking to impose a constructive trust on the insurance proceeds. Jurisdiction has many applications that are dependent on the nature of the case before a court, but the concept of subject-matter jurisdiction ultimately devolves to “the extent to which a court can rule on the conduct of persons or the status of things,” Black’s Law Dictionary 870 (8th ed. 2004). Until this case, it was well settled that Alabama trial courts had the authority to impose a constructive trust where a party has been unjustly enriched.
“‘Whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentation, *363 concealments, or through undue influence, duress, taking advantage of one’s weakness or necessities, or through any other similar means which render it un-conscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, although he may never perhaps have had any legal estate therein; and a court of equity has jurisdiction to reach the property in the hands of the original wrong-doer or in the hands of a subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right, and takes the property relieved of the trust.’ ”
Knowles v. Canant, 255 Ala. 331, 333, 51 So.2d 355, 357 (1951) (quoting 2 John N. Pomeroy, A Treatise on Equity Jurisprudence §§ 1053, 1055 (Spencer W. Symons ed., 5th ed. 1941)). See also Grace Murphy Long, The Sunset of Equity: Constructive Trusts and the Law, 57 Ala. L.Rev. 875 (Spring 2006).
Thomas’s action for a constructive trust might have been strengthened by proof that Mr. Thomas had violated the TRO issued by the divorce court, but that fact does not operate to deprive the trial court of jurisdiction to adjudicate Thomas’s claim. The case of Rau v. Rau, 429 So.2d 593 (Ala.Civ.App.1982), provides a useful example. In Rau, the Court of Civil Appeals reviewed the claim of the children, through their mother, for a constructive trust over the proceeds of a policy on the life of the father. In the divorce judgment from the children’s mother, the father was ordered to maintain a presently existing life-insurance policy on his life for the children’s benefit. When the father remarried and changed employers, his new employer provided him with a life-insurance policy; there was no further mention of the life-insurance policy described in the divorce judgment. However, the beneficiary of the new policy was the father’s new wife. When the father died, the children asserted that the new policy should have taken the place of the old policy specified in the divorce judgment and brought the action seeking to impose a constructive trust. The trial court agreed, but the Court of Civil Appeals determined that the children had no equitable interest in the proceeds of the second policy that was created separately from the original marriage. The judgment imposing the constructive trust was reversed. There was never an implication in Rau that because the facts did not support the constructive trust, the trial court lacked jurisdiction to adjudicate the matter. As in Rau, this case involves a claim seeking a constructive trust. As the Court of Civil Appeals did in Rau, this Court might well determine that the facts supporting the claim are insufficient. See also Berryman v. Adams, 883 So.2d 214 (Ala.Civ.App.2003), and Brown v. Brown, 604 So.2d 365 (Ala.1992). However, when the parties are properly before the court on an adversarial claim, the presence or absence of facts in support of that claim does not affect the trial court’s authority, i.e., jurisdiction, to adjudicate that claim. I respectfully dissent.