(90 South. 291)
**DOWE v. FARLEY et al.** (3 Div. 512.)

(Supreme Court of Alabama. June 16, 1921. Rehearing Denied Oct. 13, 1921.)

**1. Gifts ⬅47(3)—Parent's gift presumed free from undue influence.**

Though the relation of parent and child is per se confidential, the law recognizes that gifts and bequests flow naturally from parent to child, and presumes that the parent is the dominant spirit, so that, in the absence of evidence other than the mere voluntary gift and confidential relationship, the presumption is that the transaction was free from undue influence.

**2. Gifts ⬅47(3)—Presumption parent is dominant may be rebutted.**

The presumption that the parent is the dominant spirit in transactions between parent and child is rebuttable; and, where it is shown that the child, and not the parent, is the dominant spirit, the burden is upon the child to establish the fairness of a gift from the parent to the child.

**3. Gifts ⬅49(2)—Evidence held to show son was dominant party, and not to establish fairness of gift.**

Evidence that a gift to a son was made when the mother was past 80 years of age, feeble and bedridden, and that it depleted her estate so as to prevent payment of pecuniary legacies *held* to show that the son, and not the mother, was the dominant spirit in the transaction, and not to sustain the burden thereby placed upon the son of showing the fairness of the gift and its freedom from undue influence.

**4. Appeal and error ⬅843(2)—Expression of court as to future course to be pursued not erroneous.**

In a decree charging an executor with the amount of a gift procured by him by undue influence, and making such amount a lien on the real estate devised to him, a provision that if the amount was not paid within a stated time the court would remove the executor and direct the sale of the property devised to him was merely an expression of the mind of the court as to the course to be pursued in the future, and the executor cannot complain thereof on appeal before an attempt is made to pursue that course.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by C. F. Dowe, as executor of the will of Mary Dowe, deceased, against Alice D. Farley and others, to remove the administration from the probate to the circuit court, to construe the will, etc. From the decree rendered, complainant appeals. Affirmed.

Ball & Beckwith, of Montgomery, for appellant.

Receipts are construed according to the intent of the parties. Sections 3973 and 3974, Code 1907. So construed it shows an intention of testator to release her son from the debt. 192 Ala. 91, 68 South. 871; 147 Ala. 561, 41 South. 78; 151 Ala. 279, 44 South. 101. There is not sufficient evidence showing any fraud or undue influence. 29 Cyc. 1657 et seq.; 122 Fed. 223, 58 C. C. A. 587.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellees.

The court properly disallowed the receipt, and charged the property of the executor

with the payment of the debt. 69 Ala. 555, 44 Am. Rep. 528; 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904; 62 Ala. 349; 94 Ala. 530, 10 South. 129; 150 Ala. 294, 43 South. 746; 131 Ala. 605, 31 South. 568.

GARDNER, J. Mary Dowe departed this life August 3, 1918, leaving a last will, bearing date 1914, with codicils of subsequent dates. Her son C. F. Dowe was appointed executor of the will without bond. The will was duly admitted to probate and pending the administration of the estate in the probate court, C. F. Dowe, as executor, filed his bill, seeking the removal 'of the administration into the circuit court in equity for a construction of the will, as well as directions concerning certain features thereof.

It appeared from the bill there had been certain pecuniary bequests made by the will, and the personal property was insufficient for the satisfaction of these bequests and the debts of the estate. The respondents (heirs and distributees under the will) answered the bill, which answer was also prayed to be considered as a cross-bill, in which it was averred that said executor was due the estate the sum of $2,500, evidenced by his promissory note, dated August 30, 1916, which note was in his possession, no part of which had been paid, and that if the executor should pay the sum of his indebtedness to the estate the funds would be ample for the satisfaction of the debts and pecuniary bequests. In the answer to the cross-bill the executor admits that his mother did loan him the sum of $2,500, but that some time before her death she voluntarily canceled and surrendered the note evidencing said indebtedness, and released him from all liability to her on account thereof. The cross-bill was then amended so as to aver that said Dowe paid no consideration whatever·for the receipt of his mother, which receipt bears date June 29, 1918, and that said receipt was not the voluntary act of Mary Dowe, but was obtained by undue influence, exercised by said C. F. Dowe, the son of Mary Dowe named as executor in her will, and in whom she had confidence; that the mother was old, sick, and feeble both in mind and body, and incapable of any business transaction, and that the same was not her free and voluntary act.

By the decree of the court below the executor was charged with the full amount of this indebtedness, and this feature of the decree constitutes the principal question here presented for consideration.

[1, 2] The rule of our cases recognizes that gifts and bequests flow naturally from parent to child, being in accordance with the social instincts and the common practice of mankind. Therefore, while the relation of parent and child is per se confidential, yet the presumption prevails in this state that the parent is the dominant spirit, and in the absence of evidence other than the mere voluntary gift and confidential relationship the presumption is that the transaction was free from undue influence. This presumption is not conclusive, however. Where it is made to appear by the proof that the child, and not the parent, is the dominant spirit, then the burden of proof is shifted to the former to establish the fairness of the transaction, and that it was not the result of undue influence. The rule applicable to cases of character is now well settled, and needs no further discussion. Many of the cases were cited and reviewed in Keeble v. Underwood, 193 Ala. 582, 69 South. 473, and in the very recent case of Gibbons v. Gibbons, 205 Ala. 636, 88 South. 833.

It is only left to apply the law to the facts presented upon this record. A discussion of the evidence in detail would serve no useful purpose, but a reference thereto in a general way will suffice. The $2,500 loaned to C. F. Dowe in 1916 is shown to have been practically all the funds possessed by the mother, Mary Dowe, at the time of the execution of the will. At the time of the loan the son had just moved to Atlanta from Montgomery, his former home. While he had not lived in the house with his mother since his marriage—some 25 years ago—yet he had lived in Montgomery and kept in touch with her. At another time he had borrowed, according to his testimony, the sum of $300 or $350, by request over the telephone. He came to Montgomery at the time of the procurement of this receipt especially because the mother was ill at the time. He reached the city on Saturday night and the receipt was executed on the following Sunday afternoon. He wrote the receipt himself the original of which is sent up for the court's inspection. It reads as follows:

"Received of C. F. Dowe payment in full of note for twenty-five hundred dollars $2,500.00 dated Aug. 30, 1916.
    "Your Mother            Mary Dowe.
"Montgomery, Ala., June 29, 1918."

C. F. Dowe states this receipt was executed by his mother with no one in the room but her and himself, although Mrs. Farley, her daughter, who for the last 18 months had been looking after her mother's affairs, was in the house at the time. Nothing was said to any one in regard to the transaction. The note was not delivered, and the explanation is that it was locked up, and the mother did not know where the keys were.

At the time the box containing the private papers of the testatrix were opened, and this note was discovered, C. F. Dowe said nothing about any release or the satisfaction thereof, remaining silent; while the evidence tends to show that his wife, in the presence of Mrs. Farley and others interested, made

the statement, "It is barred by the statute of limitations."

The mother died August 3, 1918. She was 81 years of age. The evidence overwhelmingly establishes the fact that she was feeble in both mind and body. The son admits that she was sick at the time of the execution of this release, and was lying on the bed. Several witnesses testified to facts tending to show mental unsoundness. Her physician stated that her mind was not perfectly clear, being clear at times, but at other times it would wander, saying:

"Her mind was only lucid at intervals, and when not lucid she was incapable of reasoning and understanding fully. * * *. I cannot at this time state in particular any words she spoke or things she did on which I based my opinion, as she could not fully understand and appreciate business transactions for perhaps two months prior to her death, further than to say, as I recall, she was frequently irrational, and was not herself in answering questions."

The mother was suffering from no particular disease only a gradual disintegration of her body incident to age, growing gradually worse from day to day.

By the execution of this release the funds of her estate were so diminished as to leave no money with which to pay the legacies to her grandchildren, as provided in her will.

[3] That the son was the dominant party under the evidence in this cause cannot admit of doubt. The burden was upon him to show the transaction was fair, just, and equitable in every respect. It needs no discussion to disclose that this burden has not been discharged. This feature of the decree is therefore free from error.

[4] The decree, after ascertainment of the sum due by the executor individually to the estate, declared the existence of a lien in favor of the estate on the real estate devised in the will to said executor, and further ordered its payment, and that the executor file his accounts and vouchers for final settlement of the estate. It is conceded that the establishment of the lien in favor of the estate to better secure the indebtedness was not improper; but it is argued that in the next paragraph the decree extends beyond the issues presented, and is erroneous, as follows:

"That if the said C. F. Dowe, executor, fails by the 10th of April, 1921 to file his accounts and vouchers for final settlement of the estate on proper application of interested parties, he will be removed as executor, and the property devised to him by the will of the said Mary Dowe, deceased, will be ordered sold by the register of this court, and the proceeds of such sale applied to settle indebtedness of the said C. F. Dowe to the estate of the said Mary Dowe, deceased, together with the expenses of the sale, and the balance, if any, paid over to C. F. Dowe. All other questions reserved."

The trial court had full jurisdiction of the cause, and the authority to make proper and lawful orders to carry its decree into full force and effect, and we do not intend to intimate agreement with the insistence that the foregoing went beyond the proper issues presented, as upon that question we need express no opinion. This part of the decree merely expresses what was in the mind of the court as to the course to be pursued in the future upon certain contingencies, and further future orders would be necessary to carry into effect such expressed intention. It is clear, therefore, that, in any event, there is nothing presented in this language of the decree of which this complainant may now be heard to complain.

It is without dispute that upon the payment by the executor of his indebtedness to the estate there will be ample funds for the payment of the debts and pecuniary legacies provided for by the will.

The court committed no error in decreeing the payment of the legacy of $100 to Rev. Dennis Savage, provided for in item 2 of the will.

We have here treated the only questions argued by counsel for appellant, and, finding no reversible error, the decree of the court below will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, and MILLER, JJ., concur.