Grace Moore Brothers, individually and as administratrix of the Estate of Mattie L. Moore, petitioned the trial court to set aside a deed which had been executed in 1961 by Mattie L. Moore. The case was heard ore tenus and after an extensive hearing the court upheld the validity of the deed and denied the relief sought. Mrs. Brothers then filed a motion for rehearing or alternatively a motion for a new trial, which was denied. The denial of the motion in the alternative is the basis for this appeal.
J.A. Moore and Mattie Moore were the parents of seven children, two of whom were Grace Moore Brothers and Grady Moore. In 1939, J.A. Moore, fearing a judgment decree, conveyed all of his real estate holdings to various members of his immediate family. The 40 acres in issue here was conveyed to Grady Moore. J.A. Moore died in June 1947 and in December 1947 Grady Moore and his wife Pauline conveyed the same 40 acre tract to Mattie Moore. Apparently there was no consideration involved in either of these conveyances. After J.A. Moore died Grady and Pauline Moore moved into the same house with Mattie Moore in order to care for her. Shortly thereafter, Grady and Pauline took up residence in a house next door to Mattie Moore and lived there for the remainder of Mattie Moore's life.
Mattie Moore executed a deed for the 40 acres to Grady and Pauline Moore on March 4, 1961. The deed was prepared and witnessed by a Notary Public. This deed was not filed for record until December 13, 1972. From March 1961 until December 1972 the 40 acre tract continued to be assessed in Mattie Moore's name and the taxes on the property were paid on her behalf by Grady Moore.
Mattie Moore died on February 17, 1971 and Grady Moore died on December 9, 1972. The defendants in this case were Pauline Moore and the two children of Grady Moore.
In the court below, the appellant based her case on three theories, those theories being Mattie Moore lacked the mental capacity to execute the 1961 deed, Grady and Pauline Moore held the land as constructive trustees for the heirs of Mattie Moore, and the deed was procured through the exercise of undue influence by Grady Moore over his mother.
The primary and almost exclusive thrust of the evidence put on in the trial court concerned the issue of mental capacity. There was contradictory evidence presented on this issue and it is apparent that the trial court after having heard all the evidence ruled that Mattie Moore did have the mental capacity in 1961 to convey the property. In cases such as this, the ore tenus rule requires that this Court uphold the trial court's finding unless it is plainly erroneous or manifestly unjust.Jones v. Ball, 294 Ala. 654, 320 So.2d 665 (1975); Rafield v.Johnson, 294 Ala. 235, 314 So.2d 695 (1975); Smith v. Gill,293 Ala. 736, 310 So.2d 214 (1975). On the issue of competency we uphold the finding of the trial court.
The second contention of the appellant is that the property was held in constructive trust. A constructive trust is a creature of equity which operates to prevent unjust enrichment. A constructive trust will be found when property has been either acquired by fraud, or where in the absence of fraud it would not be equitable to allow it to be retained by him who holds it. Sims v. Reinert, 285 Ala. 658, 235 So.2d 802 (1970);Putnam v. Putnam, 274 Ala. 472, 150 So.2d 209 (1963). The issue of whether or not a constructive trust results is one of fact and as stated previously where the evidence is heard ore tenus the trial court's finding of fact will not be disturbed unless it is clearly erroneous or manifestly unjust. We find that the evidence in this case supports the trial court's *Page 1109 
finding that there was no constructive trust.
A consideration of the last issue raised, regarding the alleged undue influence of Grady Moore over Mattie Moore, must be viewed in light of their relationship of parent and child. This relationship is considered confidential and it is presumed that in all transactions between parent and child, the parent is the dominant party. However, this presumption is not conclusive and where it is made to appear that the child rather than the parent is the dominant party then the law raises a presumption of undue influence and casts upon the child the burden of proving that the transaction was fair, just, and equitable in every respect. Orton v. Gay, 285 Ala. 270,231 So.2d 305 (1970); Wolfe v. Thompson, 285 Ala. 745,235 So.2d 878 (1970); Jones v. Boothe, 270 Ala. 420, 119 So.2d 203
(1960).
The evidence produced below tended to show that Grady Moore lived next door to his mother from 1947 until her death in 1971, that Mattie Moore suffered a stroke in 1955, that she could neither read nor write, that in 1961 Mattie Moore was 81, that Mattie Moore depended on Grady Moore for advice, and that Grady Moore handled all of her business affairs. No evidence was adduced that would allow any conclusion other than that Grady Moore was the dominant party in the deed transaction with his mother in 1961. Accordingly, the law raised a presumption that Grady Moore exercised undue influence over his mother in the conveyance of this property. Therefore, the burden to refute this presumption by satisfactory evidence was upon the defendants below.
The evidence adduced to refute this presumption was the testimony of Grady Moore's wife, Pauline, and the testimony of Grace Brothers. Pauline Moore, on direct examination by plaintiff's attorney, testified that in 1961 she and Grady Moore promised to pay Mattie Moore $2000.00 for the 40 acres and that this amount was paid in cash. She testified that there was no written evidence of the payment of $2000.00 because Mattie Moore did not want anyone to know about the sale for fear that she would lose her welfare payments. While no evidence was presented directly as to whether the $2000.00 represented a fair price for the 40 acres, the record indicates that another similar 40 acres was included in the estate inventory at a value of $2000.00.
Other evidence presented to meet the legal presumption of undue influence was the testimony of the plaintiff, Grace Brothers, to the effect that she did not believe Grady Moore would defraud his mother [Mattie Moore] nor would he use "any undue influence" on her.
It is well established that what constitutes undue influence to procure a deed depends on the facts and circumstances of each case. Terry v. Terry, 336 So.2d 159 (Ala. 1976); Orton v.Gay, 285 Ala. 270, 231 So.2d 305 (1970); Tipton v. Tipton,249 Ala. 537, 32 So.2d 32 (1947). In such cases, the finding of the trial court will not be overturned upon review unless clearly in error. Jones v. Ball, 294 Ala. 654, 320 So.2d 665 (1975);Rafield v. Johnson, 294 Ala. 235, 314 So.2d 695 (1975); Smithv. Gill, 293 Ala. 736, 310 So.2d 214 (1975).
As to this issue raised on appeal, we hold that, in light of the foregoing documentary evidence and testimony, sufficient evidence was adduced to at least make this a question for the trial court. Thus, we consider the trial court's decree to be supported by credible evidence and free from reversible error.
AFFIRMED.
MADDOX, FAULKNER, SHORES and BEATTY, JJ., concur. *Page 1110