MADDOX, Justice.
The issue presented is whether the grantees of deeds of land exercised undue influence over the grantor, their aged father, in the procurement of the subject deeds. Finding that the decree of the trial court, which heard the evidence ore tenus, is not palpably wrong or manifestly unjust, the decision is affirmed.
O. S. Croft owned two parcels of Sand Mountain farmland. He was the father of twelve children. On September 7, 1976, he executed a will that distributed all of his property equally among his children.
On September 4,1976, he executed a deed of a forty acre tract to his son Vero and Vero’s spouse. On September 7, 1976, he executed a deed of the balance of his real property, a seventy-nine acre tract, to his daughter Fannie and her spouse. The deeds were prepared by Mr. Croft’s attorney. On September 7, 1976, Mr. Croft also made a bill of sale of all of his personalty to his son Vero.
After Mr. Croft’s death, six of his children filed suit against Vero and Fannie and their spouses. They alleged inadequate consideration, undue influence, lack of mental capacity and forgery of the deeds.
The trial court heard all evidence orally, except that of Mr. Croft’s doctor. The court found that although Mr. Croft depended on the grantees during the last years of his life for many of his needs, there was no convincing evidence that the defendants took advantage of this dependency to unduly influence him. The trial court further found Mr. Croft mentally capable of transacting business at the time of execution of the instruments. Plaintiffs appeal, claiming the trial court incorrectly decided the question of undue influence.
The law concerning undue influence between parent and child was cogently discussed in Brothers v. Moore, 349 So.2d 1107 (Ala.1977), wherein this Court held:
“This relationship is considered confidential and it is presumed that in all *817 transactions between parent and child, the parent is the dominant party. However, this presumption is not conclusive and where it is made to appear that the child rather than the parent is the dominant party then the law raises a presumption of undue influence and casts upon the child the burden of proving that the transaction was fair, just, and equitable in every respect. Orton v. Gay, 285 Ala. 270, 231 So.2d 305 (1970); Wolfe v. Thompson, 285 Ala. 745, 235 So.2d 878 (1970); Jones v. Boothe, 270 Ala. 420, 119 So.2d 203 (I960).”
A fair reading of the trial court’s decree indicates that the court found the grantor’s children to be the dominant parties in their relationship. It was noted that the grantor depended on them for many of his needs. Nevertheless, in arriving at his decision, the trial judge necessarily found that the presumption was overcome by the evidence which showed no undue influence was exercised in the procurement of the subject deeds. The record indicates adequate evidence was produced at trial to support such a finding. Mr. Croft first approached the grantees and asked them if they wished to purchase the land. Adequate consideration supported the transaction. Mr. Croft suggested that the parties go to the office of his long-time attorney and execute the subject deeds. Mr. Croft’s doctor testified he was capable of making a deed.
It is acknowledged that the claimants produced evidence that tended to support the applicable presumption of undue influence; however, the trial court, as trier of fact, had adequate evidence upon which to base this finding that no undue influence was exercised.
It is well established that, in cases such as this, the finding of the trial court will not be overturned unless clearly in error. Brothers v. Moore, 349 So.2d 1107 (Ala.1977); Jones v. Ball, 294 Ala. 654, 320 So.2d 665 (1975).
The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.