This is an appeal from a judgment imposing a constructive trust on certain property, the legal title to which is in the name of the appellant, Carolyn Holman. We affirm.
Carolyn Holman and Judy Diane Englett Kruk, the appellee, are sisters. Their father was killed in 1976 while Judy was a minor. Thereafter, Judy began to receive benefits from the Social Security Administration. She was placed with foster parents, and her benefits were paid to and disbursed by the Alabama Department of Pensions and Security (DPS). During that time, DPS deducted approximately $100 from each monthly check and placed it in a savings account for Judy.
In June 1981, Judy moved to her sister's home in Montgomery, Alabama. From December 1981, until April 1984, Holman was the payee of the social security checks, which were to be used for Judy's support.
In March 1983, DPS sent a lump-sum payment of $5,777 from Judy's account to Holman. She deposited the money into a checking account held jointly with her husband. She used some of that money to pay several past-due mortgage payments on her home. The remainder was used for the living expenses of the entire household, including not only Judy, but also her half brother and her niece and nephew. The record reveals that Holman and her husband were unemployed for extended periods during the time Judy lived with them, and that all of the checks sent for Judy's support were deposited to the Holmans' checking account.
The trial judge held that a constructive trust arose in the home to the amount of $4,502. He arrived at that amount by subtracting the out-of-pocket medical expenses *Page 716 
Holman paid for Judy during the time Judy lived with her from the lumpsum payment of $5,777. Holman argues that since all of that money has been spent, there is no trust res and, therefore, that a constructive trust cannot be imposed. This argument is without merit. The trust res is the real estate upon which the trial court properly imposed a trust.
A constructive trust is a creature of equity which operates to prevent unjust enrichment. In re Estate of Moore,349 So.2d 1107 (Ala. 1977). When a trial judge exercises his equitable discretion and imposes a constructive trust, we will not disturb his decision unless it is clearly erroneous. As we recognized in Moore, supra: "The issue of whether or not a constructive trust results is one of fact and . . . when the evidence is heard ore tenus the trial court's finding of fact will not be disturbed unless it is clearly erroneous or manifestly unjust." 349 So.2d at 1108. The evidence in this case supports the trial court's finding that there was unjust enrichment and that a constructive trust arose.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.