This is a suit for cancellation of a deed from an aged couple to their oldest son and his wife, brought by the other descendants of the grantors. The trial court denied relief, stating that the plaintiffs did not show by "clear and convincing evidence" any ground for setting the deed aside. The plaintiffs argue that the trial court applied the wrong standard of proof.
On May 12, 1971, J.N. Chandler, age 94, and his wife Josie, age 84, deeded their homeplace with 20 acres of land to their son Newton and his wife Madge, reserving a life estate to themselves. Josie Chandler entered a nursing home in 1972 and died in January 1977. J.N. Chandler entered a nursing home in 1973 and died in April 1977. On December 28, 1978, Newton recorded the deed. Newton died in March 1983. On July 7, 1983, the remaining children of J.N. and Josie Chandler, together with the son of a deceased son, brought this action to have the deed cancelled on the ground that Newton had exercised undue *Page 1308 
influence over his parents in obtaining the deed from them.
The relation of parent and child is per se a confidential one. The law presumes that the parent is the dominant spirit, but this presumption is not conclusive. "Where it is made to appear by the proof that the child, and not the parent, is the dominant spirit, then the burden of proof is shifted to the former to establish the fairness of the transaction, and that it was not the result of undue influence." Dowe v.Farley, 206 Ala. 421, 422, 90 So. 291, 292 (1921);Tipton v. Tipton, 249 Ala. 537, 539, 32 So.2d 32, 34
(1947). See also, Jones v. Boothe, 270 Ala. 420,119 So.2d 203 (1960); Orton v. Gay, 285 Ala. 270,231 So.2d 305 (1970); Wolfe v. Thompson, 285 Ala. 745,235 So.2d 878 (1970). In all of these cases, a cancellation of a deed or other transfer of property from parent to child was upheld, with no statement that the person seeking to cancel the deed had to prove the grantee's dominance by clear and convincing evidence.
Even in those cases where this Court has held in favor of the beneficiary, the standard applied is that the burden shifts to the proponent "where it is made to appear,"Brothers v. Moore, 349 So.2d 1107, 1109 (Ala. 1977), or when "the evidence tends to show," Terry v.Terry, 336 So.2d 159, 162 (Ala. 1976), that the child is the dominant party. "[T]he burden is upon those seeking to invalidate such a transaction to reasonably satisfy
the court that time and circumstances have reversed the order of nature, so that the dominion of the parent has not merely ceased, but has been displaced by subservience to the child."Dillard v. Hovater, 254 Ala. 616, 619, 49 So.2d 151,153 (1950) (emphasis added; citations omitted). See alsoSeals v. Seals, 423 So.2d 222 (Ala. 1982); Croftv. Biddle, 380 So.2d 816 (Ala. 1980); Powell v.Powell, 285 Ala. 230, 231 So.2d 103 (1970); andMilliner v. Grant, 253 Ala. 475, 45 So.2d 314
(1950).
This Court in an early case contrasted the standard for showing undue influence in the procurement of testamentary transfers with the standard for showing undue influence in the procurement of inter vivos transfers. In pertinent part, the Court stated:
 "Undue influence with respect to gifts and conveyances inter vivos is a very different matter. It may exist without either coercion or fraud. It may result entirely from the confidential relation, without activity in the direction of either coercion or fraud, on the part of the beneficiary occupying the position of dominant influence. It is upon him not only to abstain from deceit and duress, but to affirmatively guard the interests of the weaker party, so that their dealing may be upon a plane of equality and at arm's length. To presume undue influence in such a case, therefore, is not to presume fraud or coercion, or any act which is malum in se, but simply the continuance of the influence which naturally inheres in and attaches to the relation itself."
Bancroft v. Otis, 91 Ala. 279, 290, 8 So. 286, 289
(1890). This statement was quoted in Hutcheson v.Bibb, 142 Ala. 586, 38 So. 754 (1904), and has been carried forward from that case. See, e.g., Milliner v.Grant, supra; Floyd v. Green, 238 Ala. 42, 188 So. 867
(1939).
The trial court's decree reads in pertinent part: "A party who seeks to have a deed set aside must prove at least one of the applicable grounds by 'clear and convincing evidence.' On consideration of the evidence presented in this case, the Court is of the opinion, and holds, that the plaintiffs have not carried their burden of proof." As the authorities quoted and cited above show, the standard cited by the trial court is not appropriate in a case where the parties to the deed stand in confidential relations. The party seeking to have the deed set aside need only show to the reasonable satisfaction of the court that the grantee was the dominant party in a confidential relationship with the grantor, whereupon the burden shifts to the grantee to show that the transaction was "fair, just, and equitable in every respect."Brothers v. Moore, supra, 349 So.2d at 1109. *Page 1309 
The evidence in this case was in sharp conflict as to the relationship between Newton and his parents. This evidence would support a finding that J.N. and Josie Chandler, though old and physically feeble, were perfectly well in possession of their faculties, in control of their own affairs, and not subject to the domination of Newton; or a finding that Newton advised and assisted his parents to the extent that he was the dominant party in the relationship, but that the transaction was fair, just, and equitable, because, for example, Newton and Madge cared for the elder Chandlers for more than ten years prior to the execution of the deed; or a finding that Newton was the dominant party and Madge did not meet her burden of showing that the transaction was fair, just, and equitable.
If the trial court was of the understanding that the plaintiffs were required to prove by clear and convincing evidence that the transaction was unfair, unjust, and inequitable, the prejudice to them by the application of the wrong standard is apparent. Even if the court considered that they were required to prove by clear and convincing evidence that Newton was the dominant party, the judgment cannot stand as rendered. Upon the application of a lesser burden of proof to the facts, the trial court might have concluded that the plaintiffs had established enough of a case of dominance by Newton to shift the burden of proof as is appropriate is such cases as this.
We are in no position either to affirm or to reverse the judgment. Therefore, we remand the cause for the trial court to conduct such further proceedings as are necessary, to consider the evidence in the light of the principles stated in this opinion, and then to render judgment for the proper party.
REMANDED WITH INSTRUCTIONS.
MADDOX, BEATTY, ADAMS and HOUSTON, JJ., concur.