SHORES, Justice.
This is an appeal from a judgment entered in favor of the plaintiffs in an action to quiet title to certain real property located in Dale County. We affirm.
The evidence in this case was presented to the trial judge ore tenus. Therefore, his findings of fact will not be disturbed unless palpably wrong or manifestly unjust.
In the early 1950's, Ralph and Mattie Johnson and Marie Carter were tenants on a farm in Henry County.. Mattie Johnson and Marie Carter were sisters. Spoman Truett was living in New York. In 1955, Truett returned from New York to attend the funeral of a relative, and learned that the Johnsons and Ms. Carter needed to make some arrangements for another place to live.
Truett informed the others that Mr. T.P. Spears owned some property in Dale County and that he had previously offered to sell the property to Truett. Truett went to see Mr. Spears and negotiated a purchase price of $3000.00. The testimony was conflicting as to whether Truett or the John-sons made the down payment of $1000.00. Truett testified that he made the down payment and that upon his return to New York he sent an additional $400.00 and thereafter sent money monthly until the debt was paid off. The Johnsons’ son, Napoleon, testified that his parents made the down payment out of insurance proceeds received because of the death of a son, and that Truett did not bring any funds from New York.
Truett’s own testimony tended to support this, when he testified that he had not known that the others needed to move until he arrived for the funeral, and that he had had $5000.00 in a bank in Brooklyn, but no other funds.
A deed was executed conveying the property to Marie Carter. However, the deed also contained a provision that “at the death of Marie Carter this property become her sisters (Mattie Johnson) property [sic].”
After the purchase of the property, Marie Carter moved into the only house on the property, which she occupied until her death in 1975. A second house was built on the property and was occupied by Ralph and Mattie Johnson until their deaths in 1959 and 1964 respectively.
Ralph and Mattie Johnson died intestate, and the plaintiffs/appellees, Napoleon and Robert Johnson, their sons, were their only heirs. Marie Carter died testate, and in her will she purported to leave the property to Spoman Truett and Woodrow Wilson Carter. The appellant asserts that Marie Carter was the sole owner of the property, *15 and that he is the owner of an undivided interest in the property by virtue of the devise in Marie Carter’s will.
Although the language in the deed indicates that Mattie Johnson became the sole owner of the property at the death of Marie Carter, Robert and Napoleon Johnson acknowledge that this was not the intention of the parties at the time the property was acquired. The Johnsons contend that their parents owned an undivided one-third interest in the property, that Spoman Truett owned an undivided one-third interest in the property, and that Marie Carter owned an undivided one-third interest in the property.
The trial court found that the evidence supported the allegations of the plaintiffs, and declared a “resulting or constructive trust” in an undivided one-third interest in the property, and vested it in Napoleon and Robert Johnson. In its final judgment, the trial court expressly held that the conditional language in the deed was ineffective to pass title to the property to the John-sons. Also, the trial court held that “through the payment of the sum of $1,000.00, being one-third of the purchase price of the property, by Ralph ‘Bustee’ Johnson and the acknowledged family categorization of the land and the actual possession of a portion of said land by Ralph and Mattie Johnson, that there has been a resulting or constructive trust on the real estate described in this decree of one-third and that the Plaintiffs, Napoleon Johnson and Robert Johnson, being the sole and only heirs at law of Ralph and Mattie Johnson, are the owners of a one-third undivided interest in and to said real estate.”
The only evidence that justifies the holding that the conditional language is ineffective is the plaintiffs’ own concession that the parties to the transaction never intended for their mother to own the entire property in fee simple absolute at the death of Marie Carter. Additionally, we note that the deed was inartfully drawn, with Marie Carter named as both the grantor and the grantee.
The appellant would have us believe his version of the facts, rather than those presented by the appellees, which support the findings of the trial judge sitting without a jury. This we will not do. Upon reviewing the record, we find sufficient evidence to support the trial court’s declaration of a resulting trust. Generally, a resulting trust will be presumed in favor of one who provides purchase money for land taken in the name of another. Mayo v. Gortney, 468 So.2d 147 (Ala.1985). See Pihakis v. Pihakis, 496 So.2d 765 (Ala.1986), for a detailed treatment of the requirements for a resulting trust.
The following rule, stated in Holman v. Kruk, 485 So.2d 715, 716 (Ala.1986), is applicable to the instant case:
“A constructive trust is a creature of equity which operates to prevent unjust enrichment_ When a trial judge exercises his equitable discretion and imposes a constructive trust, we will not disturb his decision unless it is clearly erroneous.... ‘The issue of whether or not a constructive trust results is one of fact and ... when the evidence is [presented] ore tenus the trial court’s finding of fact will not be disturbed unless it is clearly erroneous or manifestly unjust.’ ”
Based on the foregoing, we are unable to hold that the findings of the trial court are clearly erroneous or manifestly unjust. Therefore, the judgment appealed from is due to be affirmed.
AFFIRMED.
MADDOX, JONES, ADAMS and HOUSTON, JJ., concur.