This is an appeal from a summary judgment entered in favor of the defendants, Parker Reid Buckley, Jr. ("Buckley Jr."), and Valerie Brown, and against the plaintiff, Percena Nelson, in a declaratory judgment action. Nelson, Beverly Seymour, and the defendants are the children of Parker Reid Buckley, Sr. ("Buckley Sr."), and, according to the terms of his will, were to divide his estate in equal shares upon his death. That estate was estimated to total $479,363.60. After Buckley Sr.'s death, Nelson and Seymour filed a complaint seeking a declaration of the ownership of funds that had previously been held in joint accounts in the names of Buckley Sr., Buckley Jr., and Brown. Buckley Jr. and Brown contended that they owned those funds, which totalled $210,850.83. Nelson and Seymour alleged that the defendants had caused those funds to be deposited in joint accounts with right of survivorship through the exercise of undue influence over their father, and argued that those *Page 856 
funds were properly part of their father's estate. The only question presented is whether Nelson[1] presented sufficient evidence that Buckley Jr. and Brown had become the dominant parties in their relationship with Buckley Sr. to withstand the summary judgment motion.
The relationship of parent and child is inherently a confidential one. Although the law presumes that the parent is the dominant party in that relationship, that presumption is not conclusive. Chandler v. Chandler, 514 So.2d 1307, 1308
(Ala. 1987). A party alleging the exercise of undue influence by a child over a parent must "reasonably satisfy the court that time and circumstances have reversed the order of nature, so that the dominion of the parent has not merely ceased, but has been displaced by subservience to the child." Chandler,514 So.2d at 1308, quoting Dillard v. Hovater, 254 Ala. 616, 619,49 So.2d 151, 153 (1950) (emphasis in Chandler). When evidence is produced that shows, to the reasonable satisfaction of the court, that the parent was no longer the dominant party in the parent-child relationship, a presumption of undue influence arises and the burden of proof shifts to the child who benefited from the transactions in question to show that the transactions were "fair, just, and equitable in every respect."Brothers v. Moore, 349 So.2d 1107, 1109 (Ala. 1977). That burden is usually satisfied by showing that the donor had the benefit of competent and independent advice of some disinterested third party. Hutcheson v. Bibb, 142 Ala. 586, 38 So. 754 (1905).
It is settled that what constitutes undue influence depends on the facts and circumstances of each case. Terry v. Terry,336 So.2d 159, 162 (Ala. 1976). However, there is a marked difference between the standard used for determining if there was undue influence used in the procurement of testamentary transfers and the standard used for determining if there was undue influence used in the procurement of inter vivos
transfers. In order to invalidate a testamentary transfer because of undue influence, the party challenging the transfer must present some evidence of fraud or coercion, thus showing that the transfer did not reflect the testamentary intent of the testator. Floyd v. Green, 238 Ala. 42, 46, 188 So. 867, 869
(1939). However, as this Court recognized in Bancroft v. Otis,91 Ala. 279, 290, 8 So. 286, 289 (1890):
 "Undue influence with respect to gifts and conveyances inter vivos is a very different matter. It may exist without either coercion or fraud. It may result entirely from the confidential relation, without activity in the direction of either coercion or fraud, on the part of the beneficiary occupying the position of dominant influence. It is upon him not only to abstain from deceit and duress, but to affirmatively guard the interests of the weaker party, so that their dealing may be upon a plane of equality and at arm's length. To presume undue influence in such a case, therefore, is not to presume fraud or coercion, or any act which is malum in se, but simply the continuance of the influence which naturally inheres in and attaches to the relationship itself."
The evidence presented showed that Buckley Sr., Buckley Jr., and Brown worked for a number of years as directors and officers in businesses established by Buckley Sr. In addition, Buckley Sr. had a number of bank accounts that he held in joint tenancy with Buckley Jr. and Brown. Although the evidence conflicts on this point, it appears that some, but not all, of those joint accounts were with right of survivorship.
In 1980 or early 1981 Buckley Sr. began to have a number of severe health problems. He was repeatedly hospitalized and later resided in a nursing home. During this period Buckley Jr., who had been running the family businesses for some time, *Page 857 
assumed responsibility for Buckley Sr.'s personal affairs. In April 1981 Buckley Sr. suffered a stroke. That stroke debilitated him to such an extent that his speech was limited, according to Brown's affidavit, to words such as "yes, no, hello, good-bye, [and] a number of [other] things." In addition, he required sitters 24 hours a day. On September 23, 1981, Buckley Jr. asked his father to sign an instrument giving him power of attorney. Buckley Sr. required assistance in signing that instrument, and with his free hand had to steady the hand holding the pen. That signing was witnessed by Buckley Jr.'s in-laws.
Immediately after the power of attorney was signed, Buckley Jr. and Brown transferred funds from a number of joint accounts to a certificate of deposit and other accounts in the names of Buckley Sr., Buckley Jr., and Brown. Those accounts were with right of survivorship. Buckley Jr. and Brown maintain that those transfers were made solely to increase the amount of interest being paid on those funds. Nelson contends that those transfers were made to ensure that Buckley Sr.'s funds would be held in joint accounts with right of survivorship. However, the question of Buckley Jr. and Brown's motive is not one for this Court to address.
After reviewing the evidence presented by Nelson, this Court concludes that she presented substantial evidence that Buckley Sr.'s advanced age and numerous health problems, especially his stroke, caused him to depend heavily on Buckley Jr. and Brown to manage both his business and his personal affairs, thereby tending to show that Buckley Jr. was the dominant party in that relationship. Chandler, supra. That evidence therefore tends to raise the presumption of undue influence and to cast upon Buckley Jr. and Brown the burden of proving that the transfers of funds were fair, just, and equitable in every respect.Brothers, supra. Of course, the fact that Nelson has made out aprima facie case of dominance by Buckley Jr. and Brown does not prevent them from responding at trial to Nelson's claim by disputing her evidence that they had become dominant over Buckley Sr. See Beinlich v. Campbell, 567 So.2d 852 (Ala. 1990).
Buckley Jr. and Brown argue that summary judgment was proper because Nelson did not prove undue influence, fraud, duress, or coercion. However, Nelson was not required to offer that type of proof. Because Nelson is seeking to set aside, on the basis of undue influence, inter vivos transfers between parties in a confidential relationship, her only burden in defense against a summary judgment motion is to present evidence that Buckley Jr. and Brown had become the dominant parties in their confidential relationship with Buckley Sr. Chandler, supra. Nelson met that burden. Therefore, summary judgment was not proper.
By reaching this conclusion, this Court is not making any comment on the propriety of the actions taken by Buckley Jr. and Brown, or on the merits of Nelson's claim. Instead, this opinion only recognizes that Nelson presented "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the facts [Nelson] sought to [prove]." Thomas v. PrincipalFinancial Group, 566 So.2d 735, 738 (Ala. 1990); West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989); Ala. Code 1975, § 12-21-12(d). The judgment is reversed, and this cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] Seymour was dismissed as a party plaintiff on her own motion on January 5, 1989. There is no indication in the record that she was ever reinstated as a party before the entry of the final judgment. Therefore, notwithstanding the inclusion of her name on the notice of appeal and the pleadings submitted to this Court, she cannot be regarded as a party to this appeal.