The plaintiff, Mary Ruth Brothers, appeals from a judgment entered by the trial court, after hearing ore tenus evidence, in favor of the defendants, Linda Ann Brothers Fuller and her husband, Doug Fuller, on Brothers's demand that a constructive trust be imposed so as to require a conveyance of property owned by the Fullers to her.
The record indicates the following facts:
After a series of conveyances, the Fullers came to hold title to property that had been owned by Brothers and her husband. Linda Fuller is the daughter of the Brotherses and the record indicates that the subject property was conveyed to the Fullers by the Brotherses because the Brotherses were experiencing financial difficulties.
The record also indicates that in 1987, at Mr. Brothers's request, Linda Fuller borrowed $6560 from Community Bank, secured by a mortgage on the subject property, and gave the loan proceeds to the Brotherses. Mrs. Brothers testified that she made payments on this loan "for a while."
The record indicates that in May 1989 Linda Fuller paid off that loan's balance of approximately $5000 with proceeds of a second loan for $15,000.
As to this $15,000 loan, the record indicates that the Fullers borrowed this amount, secured by the subject property, to pay off the earlier loan and to use the balance of the proceeds for making improvements to the property. Specifically, an old building was located on the property, and with proceeds from the loan the Fullers began renovating the building for use as a restaurant.
Mrs. Brothers testified that she was on the subject property every day after the renovation work started and was aware of the $15,000 loan. She stated that she never made any payment on this loan. Also, she testified that until the work was nearly complete, she did not express to the Fullers any disapproval of the Fullers' action in altering the property.[1] The record indicates that around that time, a dispute erupted between the Fullers and the Brotherses and that Mrs. Brothers requested that the property be reconveyed to her. The Fullers refused to reconvey. Subsequently, Mr. Brothers died. Mrs. Brothers sued the Fullers, seeking the imposition of a constructive trust in her favor. *Page 137 
It is undisputed that the Fullers did not directly pay the Brotherses for the subject property. It is clear that they did pay approximately $5000 to the Brotherses, indirectly, by paying off a loan balance in this amount that the Brotherses had received the benefit of.
We have stated that "[a] constructive trust will be found when property has been either acquired by fraud, or where in the absence of fraud it would not be equitable to allow it to be retained by him who holds it." Brothers v. Moore,349 So.2d 1107, 1108 (Ala. 1977). In essence, a constructive trust is imposed to prevent unjust enrichment. Id.
The determination of whether a constructive trust results is one of fact. Thus, where a trial court makes a factual finding based on evidence presented ore tenus, as to whether a constructive trust has resulted, the court's finding shall not be disturbed on appeal unless "it is clearly erroneous or manifestly unjust." Id.
In the present case, the trial court found no basis for imposing a constructive trust. Such a finding is supported by the evidence. For example, Mrs. Brothers repeatedly testified that no fraud had been employed by the Fullers in acquiring title to the property.
However, while the court found no basis for imposing a constructive trust, it also found that "to prevent . . . unjust enrichment" equity dictated that the Fullers must pay to Mrs. Brothers the difference between the approximately $5000 the Fullers had paid on the first loan, which had benefited the Brotherses, and the fair market value of the property at the time of the conveyance, found by the court to be $12,000. The trial court so ordered.
It is this latter finding that forms the crux of Mrs. Brothers's arguments on appeal. She asserts that the trial court's findings were contradictory in that it found, on the one hand, no reason to impose a constructive trust and, on the other hand, that "unjust enrichment" would occur unless it awarded monetary damages to Mrs. Brothers. Mrs. Brothers argues that a constructive trust is imposed to prevent unjust enrichment; she says that, having found unjust enrichment, the trial court had to further impose a constructive trust.
We agree with Mrs. Brothers that the purpose of a constructive trust is to avoid "unjust enrichment." However, the standard stated by this court for determining to impose a constructive trust, in the absence of fraud, makes it clear that, in that context, the purpose of a constructive trust is to prevent any legally significant unjust enrichment. A constructive trust can be imposed in the absence of fraud only where such a consideration rises to the level that "it would not be equitable to allow [the property] to be retained by him who holds it." Id.
From the evidence adduced at trial, the court could have properly found that Mrs. Brothers had failed to meet her burden of proving that a constructive trust should be imposed because of fraud or because "it would not be equitable" to allow the Fullers to retain the property. See Sims v. Reinert,285 Ala. 658, 235 So.2d 802 (1970) (stating that the burden of proving the basis for a constructive trust is on the complainant). The trial court could have also properly found that although Mrs. Brothers had not presented sufficient evidence to justify the imposition of a constructive trust that would result in the divestiture of the Fullers' legal title to the property, she had presented evidence that would entitle her to monetary damages.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.
[1] No laches theory is advanced on appeal. *Page 138