RICHARD L. HOLMES, Retired Appellate Judge.
This is an appeal from the trial court’s denial of a petition to set aside a deed executed December 3, 1992.
Our review of the record reveals the following pertinent facts: Willard Richburg and Florence Louise Richburg met in October 1969 and had a relationship which continued for approximately 23 years. The couple lived in the Washington, D.C., area. In May 1992 Willard Richburg was diagnosed with an inoperable brain tumor, and on May 22, 1992, Willard Richburg married Florence Louise Richburg (wife). One of Willard Richburg’s sons, Ronald Richburg, testified that after his father was diagnosed with the inoperable brain tumor, Willard Richburg wanted to “get right with God.” It would appear that this marriage was one of the steps Willard Richburg took to “get right with God.” Willard Richburg (deceased) died on January 8, 1993.
The deceased owned two parcels of land in Crenshaw County, Alabama. One parcel consisted of approximately 80 acres, and the other parcel consisted of approximately 69¾ acres. On December 3, 1992, the deceased executed a deed which purported to convey title to these two parcels of land to the deceased and the wife “for and during their joint lives as joint tenants and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion.”
In March 1993 Edna Richburg Smith, the sister of the deceased and the executrix of the deceased’s estate, and Ronald Richburg and Darryl Richburg, sons of the deceased by a prior marriage (hereinafter collectively referred to as Smith), filed a petition in Crenshaw County, Alabama, to set aside the deed. The petition alleged that “the execution of said deed of conveyance was the product of fraud and undue influence on the part of the [wife] concurring with the incapacity of the [deceased].” The petition requested that the trial court set aside the deed as void and issue an order restoring the title to the property to the deceased’s estate.
A hearing was held. The trial court heard the testimony and reviewed the exhibits and depositions admitted into evidence. Thereafter, the trial court issued an order denying the petition.
Smith filed a motion for a new trial, which was denied.
Smith appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether the trial court committed reversible error when it denied the petition to set aside the deed executed on December 3, 1992.
In Chandler v. Chandler, 514 So.2d 1307, 1308 (Ala.1987), our supreme court stated the following:
“The party seeking to have the deed set aside need only show to the reasonable satisfaction of the court that the grantee was the dominant party in a confidential relationship with the grantor, whereupon the burden shifts to the grantee to show that the transaction was ‘fair, just, and equitable in every respect.’ Brothers v. Moore, [349 So.2d 1107, 1109 (Ala.1977) ].”
As previously noted, the trial court heard the testimony and reviewed the exhibits and depositions admitted into evidence prior to issuing an order denying the petition to set aside the deed. The order provided in pertinent part:
“[T]he court finds that the [deceased] conveyed to himself and his wife of approximately six months, as joint tenants with right of survivorship, property in Cren-shaw County, Alabama, previously owned exclusively by the [deceased]; that the [deceased] was ill at the time of the transaction and was living with the [wife]; that a confidential relationship existed between the [deceased] and the [wife]; that there is insufficient evidence before the court to determine that the [wife] was the dominant party in the relationship due to the [deceased’s] independence exhibited by his actions and statements and the common law presumption that the husband is the dominant party in such a relationship; that in the absence of undue influence, there is insufficient evidence to indicate that the *499 [deceased] was under a disability [at] the time of the conveyance sufficient to void the conveyance or otherwise render it ineffective.”
Our supreme court stated the following in Jones v. Moore, 295 Ala. 31, 36, 322 So.2d 682, 686 (1975):
“[T]he rule has long been established that where the trial court’s determination is based on evidence, part of which was offered orally, and part by deposition, its finding has the effect of a jury verdict and will not be disturbed on appeal unless plainly and palpably erroneous and contrary to the great weight of the evidence.”
Our review of the record reveals that there was conflicting evidence regarding the competency of the deceased at the time of the execution of the deed. At the time that the deed was executed, there were several people present in the house where the deed was executed. These individuals testified regarding their observations of the deceased’s mental capacity at the time of the execution of the deed. In fact, the deceased’s son, Darryl, who was present when the deed was executed, admitted that he did not attempt to prevent his father from executing the document and that he did not voice any objections to his father’s executing the document, even though he later testified that it was his opinion that his father was not competent to handle his business affairs anytime after late November 1992.
The attorney who prepared the deed testified at the hearing. He stated that he had dealt with the deceased on prior occasions because the attorney had leased some property in Alabama from the deceased for the purpose of deer hunting. The attorney testified that he spoke with the deceased on the telephone sometime shortly before December 2,1992, concerning the preparation of a deed for his property in Alabama. He stated that he recognized the deceased’s voice because he had talked with him on prior occasions. He also stated that the deceased told him that he wished to have a deed prepared which would convey his interest in all of his Alabama property to the deceased and the wife in a joint tenancy with right of survivor-ship. The attorney also testified that the deceased inquired about what should be done when he received the deed and that the attorney told the deceased to have his signature notarized and to return the deed to the attorney to be recorded. The attorney testified that he prepared the deed as requested and forwarded it by mail to the deceased, that the executed deed was returned to the attorney, and that he recorded the deed and returned it to the deceased and the wife.
There was also testimony regarding the fact that the deceased purchased a truck in November 1992, even though the wife did not want him to buy the truck. We would also note that in November 1992, the deceased purchased dining room furniture for a house, which the deceased owned and in which the deceased’s son, Darryl, resided.
In addition, the deposition of Andrea Bur-chette (daughter), the deceased’s daughter by an extra-marital relationship, was introduced into evidence. In her deposition, the daughter testified that in mid to late November 1992, she and the deceased discussed that he should give the wife some type of authority over his property and that the deceased agreed that he should take the necessary steps to accomplish this. The daughter also testified that the deceased told her that he had made a request to an attorney to draw up a deed. She also indicated that she saw the deed and that the deceased indicated to her that it was what he wanted to do.
Clearly, after reviewing the entire record, we cannot say that the trial court’s decision was “plainly and palpably erroneous and contrary to the great weight of the evidence.” Jones, 295 Ala. at 36, 322 So.2d at 686.
The judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.