L. CHARLES WRIGHT, Retired Appellate Judge.
Vance Holley was divorced from Jackie Holley in 1984. Jackie, the husband, was ordered to pay alimony and child support. Among other things, Vance was awarded a New York Life insurance policy insuring the life of Jackie. Jackie was ordered to make all premium payments. At the time of the divorce the parties also had a State Farm life insurance policy insuring the life of Jackie and naming Vance as the beneficiary. There was no disposition of that policy in the final judgment of divorce.
Jackie stopped making the premium payments on the New York Life policy in October 1985. Vance subsequently cashed in that policy because she was unable to pay the premiums.
In November 1985 Jackie married Judy Holley. In June 1989 Vance obtained a judgment for $33,448.50 in alimony arrearage, with an additional amount due for child support arrearage. In September 1989 Jackie and Judy were divorced. Judy was awarded the marital home. Judy testified that by separate agreement, she also became the owner of the State Farm policy. The change in ownership was made in August 1990.
In September 1993 Vance filed a “Petition to Establish Constructive Trust or Trust Ex Maleficio or Ex Delicto.” She alleged that Jackie had made no effort to cure the arrear-age. She alleged that his divorce from Judy, and the subsequent change in the ownership of the State Farm policy, was simply a ploy to conceal Jackie’s assets. She requested that the court establish a constructive trust on the State Farm policy and order that she receive the cash surrender value of the policy. At the time of the proceedings, the surrender value was $37,905.70.
A hearing was held in June 1994. Jackie was not present and was not represented by counsel. Judy, who had been named as a third party, was present and represented by counsel. Following the oral proceedings, the trial court found Jackie to be in contempt of court and entered a judgment against him in the amount of $67,000, representing arrear-age in child support and alimony. The trial court further found that the transfer of the State Farm policy was fraudulent and made only for the purpose of avoiding the obligation which Jackie owed to Vance. It awarded the policy to Vance. Jackie was given a credit on his arrearage for the cash surrender value of the policy.
Judy Holley appeals and asserts that the trial court erred in imposing a construe- *610 tive trust on the State Farm policy. She insists that the evidence did not support a finding that the transfer was made for fraudulent purposes.
A constructive trust is a creation of equity that operates to prevent unjust enrichment. Rau v. Rau, 429 So.2d 593 (Ala.Civ.App.1982). A constructive trust may be imposed when property has either been acquired by fraud, or where, in the absence of fraud, it would be inequitable to allow the property to be retained by the person who holds it. Rau.
The determination of whether a constructive trust should be imposed is one of fact. Brothers v. Fuller, 607 So.2d 135 (Ala.1992). Where a trial court makes a factual finding following the presentation of oral testimony, its finding will not be reversed on appeal unless it is clearly erroneous or manifestly unjust. Brothers.
The record reflects that the initial judgment of contempt against Jackie was entered in May 1989. Judy and Jackie divorced in September 1989. Their final judgment of divorce was entered pursuant to an agreement, with one attorney acting on behalf of both parties. At that time Jackie was residing in Egypt. The final judgment of divorce awarded the marital home to Judy. All other property had previously been divided and was not detailed in the judgment. Judy testified that pursuant to her agreement with Jackie, she received the ownership of the State Farm policy. The actual transfer of the ownership was completed in 1990. Judy testified that the delay was due to Jackie’s being in Egypt at the time of the divorce.
Judy testified that since her divorce, she has continued to live with Jackie. She had just returned from Egypt prior to the hearing. She has not been employed since the divorce. She testified that Jackie sends her money when she is in this country and that she pays his bills and her bills with that money. When she is in Egypt, her daughter takes care of their financial obligations in this country. Since the divorce they have continued to file joint tax returns. Her passport or visa has continued to be renewed by Jackie’s company under her married name. There was evidence presented that after the divorce, Judy received medical care under a health insurance policy as the wife of Jackie. She testified that when Jackie comes to this country, he stays with her.
There was evidence presented that when the first premium payment for the State Farm policy became due after the divorce, it was paid by Judy. All subsequent payments were funded by Jackie.
Judy testified that she and Jackie were not aware that the order of contempt had been entered against him in 1989. She further testified that she divorced Jackie because she could not “handle living with all of his problems.”
We find that the record supports the trial court’s finding that the transfer of the State Farm policy to Judy from Jackie was a fraudulent transfer made to avoid the obligation Jackie owed Vance. In view of the supporting evidence, we cannot say that the imposition of the constructive trust was made in error.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.