CRAWLEY, Judge.
Betty Thorn appealed to the Alabama Supreme Court from a judgment denying the relief requested in her complaint to set aside a deed. The supreme court transferred the cause to this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
Betty Thom is the sister of the defendant W.C. Taylor, the sister-in-law of the defendant Debe Taylor, and the daughter of R.F. Taylor, who died in 1993 at the age of 94. Three years before his death, R.F. Taylor made a will devising his real property, in nearly equal shares, to his daughter Betty and his daughter-in-law Debe. The following year, R.F. Taylor conveyed substantially all his real property by deed to Debe. Betty sought to set aside the deed on the ground that her brother and sister-in-law had exerted undue influence over her father in order to procure the execution of the deed to Debe.
The testimony at trial established that, at the time he executed the deed conveying his property to Debe in August 1991, the elder Mr. Taylor was 92 years old and in poor health. His wife had died three years earlier and, although he continued to live in his own home after her death, he needed someone to look after him. W.C. and Debe, who lived nearby, visited Mr. Taylor every day. They supervised his housekeeper and made sure that he had his meals. They also provided him with transportation and helped him with financial matters. W.C. had a power of attorney from his father and shared a joint bank account with him.
W.C. and Debe took Mr. Taylor to an attorney to have the deed at issue here executed. Mr. Taylor had told several people that he was going to deed his land to Debe because his daughter Betty, who lived in Montgomery and did not come to visit him often, was a spendthrift and he was concerned that she might lose the property. The evidence established that Mr. Taylor had, some years earlier, deeded the property to Betty, but that Betty had deeded the land back to him before she filed a petition in bankruptcy.
After an ore tenus proceeding, the trial court found that W.C. and Debe Taylor “stood in a confidential relationship” with R.F. Taylor and that in regard to the deed transaction they “were the dominant parties.” The court concluded, however, that “the conveyance in question was not the product of undue influence.” In pertinent part, the judgment states:
“The Court notes that where there is a confidential relationship and the grantee of a deed is the dominant party there arises a presumption of undue influence that must be rebutted. Undue influence is influence exerted at any time on the grantor which causes him to make a conveyance of his property which is contrary to his own free will and desire. Not all influence is undue. A grantor can make a disposition of his property which was influenced by affection, gratitude, family and personal relationships as long as he has not been deprived of his own free will.”
The trial court’s judgment accurately states the law with respect to the presumption one must overcome in order to have a court set aside a conveyance for undue influence. In Chandler v. Chandler, 514 So.2d 1307 (Ala.1987), our supreme court observed:
“The party seeking to have the deed set aside need only show to the reasonable satisfaction of the court that the grantee was the dominant party in a confidential relationship with the grantor, whereupon the burden shifts to the grantee to show *1122 that the transaction was ‘fair, just, and equitable in every respect.’ ”
514 So.2d at 1308 (quoting Brothers v. Moore, 349 So.2d 1107, 1109 (Ala.1977)). The trial court correctly ruled that W.C. Taylor and Debe Taylor “stood in a confidential relationship” with R.F. Taylor. In Dowe v. Farley, 206 Ala. 421, 90 So. 291 (1921), our supreme court held:
“The relation of parent and child is per se a confidential one. The law presumes that the parent is the dominant spirit, but this presumption is not conclusive. “Where it is made to appear by the proof that the child, and not the parent, is the dominant spirit, then the burden of proof is shifted to the former to establish the fairness of the transaction, and that it was not the result of undue influence.’ ”
206 Ala. at 422, 90 So. at 292 (quoted in Chandler, 514 So.2d at 1308).
After carefully reviewing the testimony presented at trial, however, we can find no evidence from which it can fairly be inferred that W.C. and Debe Taylor were the “dominant parties” in the relationship. In Wilson v. Wehunt, 631 So.2d 991 (Ala.1994), our supreme court explained the meaning of the term “dominance,” as it has been used in undue influence cases:
“It is well settled that one alleging dominance of a child over a parent must prove that ‘time and circumstances have reversed the order of nature, so that the dominion of the parent has not merely ceased, but has been displaced, by subservience to the child.’ ... Black’s Law Dictionary 486 (6th ed. 1990) defines ‘dominate’ as ‘[t]o master, to rule, or to control.’ Thus, for the burden of proof to shift, it is clear that our cases require proof of more than a reversal of the traditional roles of parent as care giver and child as care recipient; they require proof that the parent’s will has become subordinate to the will of the child. It is also clear from our cases that the mere relationship of parent and child alone, even when coupled with some activity on the part of the child in securing the preparation of legal papers for the parent, is not sufficient to prove subservience on the part of the parent, so as to shift to the child the burden of proving an absence of undue influence.”
631 So.2d at 993 (emphasis in original). The court continued:
“The evidence is undisputed that the [son] helped his mother write her checks and handle her affairs and arranged to have the deed prepared and her signature notarized. However, as previously discussed, evidence of this nature, without more, is simply not sufficient to justify a finding of subservience on the part of the parent, so as to create a legal presumption of undue influence.”
631 So.2d at 994 (emphasis added). Distinguishing prior cases in which the evidence was held sufficient to support a finding of dominance, the Wilson court concluded:
“[I]t would run counter to our case law, which places primacy on the duty of a child to honor and care for his or her parents; and counter to common sense for us to hold that the evidence surrounding the conveyance from [mother] to [son] was sufficient to support a finding of subservience on [the mother’s] part and manipulation or control on the [son’s] part and, thus, that the conveyance was presumptively the result of coercion and influence. From our perspective, the only reasonable inference to be drawn from the evidence with regard to the question of dominance is that the [son] cared for his mother in an attempt to make her life easier at a time when she needed him most. Evidence of concern and care on the part of a child and the acceptance of that care by the parent should not be equated with subservience on the part of the parent or dominance on the part of the child.”
631 So.2d at 995. Wilson v. Wehunt is materially indistinguishable from the case before us. In light of our supreme court’s explanation of “dominance” in that case, we must hold that the trial court erred when it concluded that W.C. and Debe Taylor “dominated” R.F. Taylor. Nevertheless, despite that error, the trial court reached the correct result when it determined that the deed to Debe Taylor was not the product of undue *1123 influence, and its judgment is due to be affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.